IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARYL LYONS,                                    No. CIV S-02-1355-LKK-CMK-P

      Plaintiff,

   vs.                                         FINDINGS AND RECOMMENDATIONS

KNOWLES, et al.,

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are separate motions to dismiss filed by defendant Bulanon[1] (Doc. 38) and defendants Blim, Brazil, Bussi, Johnson, Johnson, Kernan, Martinez, Moss, Powell, and Silva (Doc. 37).[2]  Plaintiff has filed oppositions to both motions (Docs. 48 & 49).

/ / /

---

[1]    Erroneously sued as Bulmon.

[2]    Service of this action was also found appropriate for defendants Frates, Voss, Roberson, Dragash, Haynes, and Knowles.  To date, however, these defendants have not been served.  By separate order, plaintiff will be directed to show cause why such defendants should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

1

## I.  APPLICABLE STANDARDS

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In considering a motion to dismiss under this standard, the court must accept all allegations of material fact as true and must construe them in the light most favorable to the plaintiff.  See Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

Finally, leave to amend a deficient complaint must be granted ". . . [u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## II.  DISCUSSION

At the outset, the court notes that defendants concede that the second amended complaint states claims under the Eighth Amendment for excessive force and failure to provide medical treatment arising from events on April 7, 2001.  Defendants argue, however, that: (1) some claims should be dismissed because they are a challenge to the length of plaintiff's sentence; (2) plaintiff's retaliation claim should be dismissed because plaintiff does not allege a protected activity; and (3) plaintiff's claims allegedly arising after this action was commenced on June 20, 2002, should be dismissed because they are unexhausted.  For his part, defendant Bulanon argues that plaintiff has not exhausted any claim against him and, in any event, plaintiff cannot state a cognizable § 1983 claim against him.

### A.    Claims Relating to Prison Discipline

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Similarly, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997)

(concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); see also Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination). In particular, where the claim involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

To the extent plaintiff raises claims relating to alleged defects in prison disciplinary proceedings and seeks restoration of good-time credits lost as a result of those proceedings, defendants argue that such claims necessarily challenge the length of plaintiff's sentence and, therefore, are not cognizable under § 1983. In his opposition, plaintiff concedes this point. Such claims should be dismissed without prejudice.

### B. Retaliation Claim

As to plaintiff's retaliation claim under the First Amendment, defendants argue that plaintiff has failed to allege a protected activity. In his opposition, plaintiff states that his claim is based on his contention that defendants based a rules violation report on information they knew to be false in order to diminish his parole opportunities. Given that the rules violation report in question gave rise to the disciplinary proceedings and resulting loss of good-time credits, the court finds that this claim also must necessarily challenge the length of plaintiff's confinement. Logically, if the rules violation report was in fact based on false information, plaintiff would arguably have a viable retaliation claim. However, the very question of the truth of the rules violation report, or matters contained in it, is central to determining whether the loss

of good-time credits was appropriate. Because that question goes to the length of plaintiff's confinement, it is not cognizable under § 1983 unless the underlying disciplinary finding is first determined to be invalid. This claim should also be dismissed without prejudice.

### C.   Claims Allegedly Arising After Commencement of this Action

Defendants also argue that, for claims raised for the first time in the second amended complaint which allege violations occurring after the initial filing date of this action, it is impossible that such claims are exhausted and, therefore, they should be dismissed. In his opposition, plaintiff asserts that he is entitled under Federal Rule of Civil Procedure 15(d) to supplement his pleadings. While that may be true, plaintiff is still required to exhaust available administrative remedies as to all his claims. See Booth v. Churner, 532 U.S. 731, 741 (2001). In the second amended complaint, at page 2, under the hearing "Exhaustion," plaintiff states as follows:

> 3.  Because the Prison Litigation Reform Act of 1995, amended 42 U.S.C. 1997e(a), required exhaustion of administrative remedies, plaintiff has exhausted all administrative remedies available in CDC. (See Attachment – A).

The court has reviewed every document contained in "Attachment – A" to the second amended complaint in detail. No document bears a date after the commencement of this action on June 20, 2002. In addition, when given the opportunity to refute defendants' assertion of lack of exhaustion by way of his opposition, plaintiff does not argue that the claims added in the second amended complaint are in fact exhausted. He certainly could have done so, and attached relevant documents, if that were the case. However, plaintiff argues that the claims are appropriate before the court under Rule 15 and that the court may relieve him of the exhaustion requirement.

For these reasons, the court finds that claims arising after this action was commenced in 2002 have not been exhausted. Because it does not appear that plaintiff has even attempted exhaustion of these claims, he is not entitled leave to amend. The claims should be

1  dismissed from this action without prejudice.

2       **D.**    **Claims Against Defendant Bulanon**

3       In his own motion to dismiss, defendant Bulanon argues that: (1) plaintiff has

4  failed to exhaust any claims relating to him; and (2) in any event, plaintiff fails to state a claim

5  under § 1983.

6       In the second amended complaint, plaintiff alleges the following as to defendant

7  Bulanon:

8       13. Defendant Dr. Bulmon [sic], saw me on 4-17-01, he took x-rays of my
neck on 4-20-01, even when the results clearly showed something was
9       wrong with my neck, he never called me back for follow-up or pain
medication or therapy.
10

11  The court cannot find any other allegations specifically related to defendant Bulanon.

12       The treatment a prisoner receives in prison and the conditions under which the

13  prisoner are confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

14  and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth

15  Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards,

16  humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates

17  the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or

18  omission must be so serious such that it results in the denial of the minimal civilized measure of

19  life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and

20  wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the

21  Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

22       Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

23  injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at

24  105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental

25  health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is

26  sufficiently serious if the failure to treat a prisoner's condition could result in further significant

injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

       The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

       Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

       Based on the allegation outlined above, plaintiff's claim against defendant Bulanon appears to be based on negligence or difference of opinion. The question, then, is whether plaintiff is entitled to leave to amend. In his opposition to defendant Bulanon's motion to dismiss, plaintiff relates, for the first time, additional factual allegations as to this defendant. While they are not properly part of the second amended complaint, these allegations suggest that

plaintiff cannot state a cognizable claim against defendant Bulanon because his claim is based on negligence or difference of opinion.  Therefore, granting leave to amend would be futile.  Defendant Bulanon should be dismissed from the action.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motions to dismiss be granted;
2. Defendant Bulanon be dismissed; and
3. This action proceed only on plaintiff's claims under the Eighth Amendment for excessive force and failure to provide medical treatment arising from events on April 7, 2001.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 25, 2006.

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE