IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARYL LYONS,            No. CIV S-02-1355-LKK-CMK-P

    Plaintiff,

  vs.           FINDINGS AND RECOMMENDATIONS

BUSI, et al.,[1]

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

        On November 17, 2006, the court granted plaintiff's motion for leave to file a third amended complaint and found this action appropriate for service on defendants Haynes, Dragash, Moss, Frates, Busi, and Wauwsrovsky. Defendants Moss and Busi, who had already appeared in the action by way of their answer to the second amended complaint, have filed an answer to the third amended complaint. Therefore, this case is not at issue as to defendants

---

    [1] Because Knowles is not named in the third amended complaint as a defendant, defendant Busi – as the first defendant listed in the December 14, 2006, answer to plaintiff's third amended complaint – is the lead defendant for purposes of the case caption.

1

Moss and Busi.

As to the remaining four defendants named in the third amended complaint and referenced in the November 17, 2006, order, plaintiff was directed to re-submit documents necessary for service by the United States Marshal. Plaintiff has failed to do so within the time allowed by the November 17, 2006, order. Plaintiff was warned that failure to comply could result in dismissal sanctions pursuant to Eastern District of California Local Rule 11-110. The court must now addresses plaintiff's non-compliance.

In doing so, the court is required to weigh five factors before imposing the harshest sanction of dismissal of the entire action. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules. See Ghazali, 46 F.3d at 53.

Having considered these factors, the court finds that dismissal sanctions are appropriate. In particular, the court is concerned with the excessive amount of time it is taking to move this case into the next phase of litigation. This action was originally filed in 2002 and plaintiff's failure to submit service documents only adds further delay. However, because the court is also required to consider less drastic sanctions, dismissal of the entire action is not recommended. Rather, the court finds that dismissal of just those defendants who have not been served and as to whom plaintiff has failed to submit service documents is an appropriate less

1  drastic sanction.  There is no reason why this action should not proceed as against defendants
2  Moss and Busi, who have answered the third amended complaint.
3          As an additional reason for dismissal of unserved defendants Haynes, Dragash,
4  Frates, and Wauwsrovsky, dismissal is appropriate under Federal Rule of Civil Procedure 4(m),
5  which requires timely service on defendants.
6          Based on the foregoing, the undersigned recommends that:
7          1.      Defendants Haynes, Dragash, Frates, and Wauwsrovsky be dismissed
8  from this action, without prejudice;
9          2.      This action proceed on the third amended complaint, filed on August 25,
10  2006, as against defendants Moss and Busi only; and
11          2.      The case be referred back to the Magistrate Judge for issuance of further
12  orders as appropriate.
13          These findings and recommendations are submitted to the United States District
14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
15  after being served with these findings and recommendations, any party may file written
16  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
17  Findings and Recommendations."  Failure to file objections within the specified time may waive
18  the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20  DATED:  January 5, 2007.

                                        _____
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE

3