IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL LYONS, | No. CIV S-02-1355-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| BUSI,[1] et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The parties have submitted reports on the status of the case.

In his status report, plaintiff seeks an additional three to four months within which to conduct discovery. Specifically, he states that he needs this time in order to: (1) find identifying information for defendants Haynes and Wauwsrovsky, who both remain unserved; and (2) to locate various inmate witnesses. Defendants object to the continuation of discovery, arguing that discovery has been open for an ample time.

On January 10, 2007, the court issued a scheduling order allowing discovery to

---

[1] The court's December 3, 2007, incorrectly indicated that Knowles is a defendant. This case now proceeds on third amended complaint filed August 25, 2006, against defendants Moss, Frates, Dragash, Busi, Haynes, and Wauwsrovksy on Eighth Amendment claims only. Defendants Moss, Frates, Busi, and Dragash have appeared by way of their answer filed on October 15, 2007.

1

proceed until April 13, 2007. Given difficulties locating defendants Frates and Wauwsrovsky, the court vacated that deadline and re-opened discovery on May 24, 2007, to allow plaintiff the opportunity to find additional information regarding these two unserved defendants via the discovery process. Therefore, plaintiff has had at least until that date to propound the discovery requests outlined in his status report.[2] This action was filed in 2002 and the court finds that discovery has been open for a sufficient period of time and that discovery should now be closed.

Pursuant to Federal Rule of Civil Procedure 16(b), the court will, by this order, set the following schedule for the remainder of this litigation:

1. Discovery is now closed and the parties may not serve new discovery requests;

2. All dispositive motions shall be filed on or before February 19, 2008;

3. Unless otherwise ordered, any motion filed pursuant to this order shall be briefed pursuant to Local Rule 78-230(m), and failure to oppose such a motion timely may be deemed a waiver of opposition to the motion; and

4. If appropriate upon the resolution of any dispositive motions, or upon expiration of the time to file such motions, which ever occurs first, the court will set due dates for the parties to file pre-trial statements. A trial date will be set in the final pre-trial order.

DATED: December 18, 2007

*Craig M. Kellison*
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

---

[2] On December 3, 2007, the court again advised plaintiff that he could use the discovery process to locate the two unserved defendants. Plaintiff has not, however, indicated in his status report that he has availed himself of this process.

2